Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>V.<br><br><br>HENRY PÉREZ DÍAZ<br><br>Peticionario | TA2026CE00835 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.:<br>FIS2025G0023<br>FIS2025G0024<br>FIS2025G0025<br>FIS2025G0026<br>FIS2025G0027<br>FIS2025G0028<br>FIS2025G0029<br>FIS2025G0030<br>FIS2025G0031<br><br>Sobre:<br>Art. 131 CP<br>(6 cargos)<br>Art. 133.A CP<br>(3 cargos) |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio, la Jueza Álvarez Esnard y el Juez Cruz Hiraldo[1]

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2026.

El 29 de junio de 2026, compareció a este Tribunal de Apelaciones, el señor Henry Pérez Díaz (en adelante, señor Pérez Díaz o parte peticionaria) por medio de *Recurso de Certiorari*. Mediante este, nos solicita que revisemos la *Resolución* emitida y notificada el 29 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Carolina. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción de Reconsideración y Solicitud de Determinaciones de Hechos y/o Conclusiones de Derecho sobre Resolución Notificada el 6 de mayo de 2026*, presentada por la parte peticionaria. En igual fecha, la parte

---

[1] DJ 2025-063C, 26 de mayo de 2026.

peticionaria presentó *Moción en Auxilio de Jurisdicción y Solicitud Urgente de Paralización de los Procedimientos.*

Por los fundamentos que adelante se esbozan, se *deniega* la expedición del *certiorari.* Consecuentemente, se declara No Ha Lugar la *Moción en Auxilio de Jurisdicción y Solicitud Urgente de Paralización de los Procedimientos.*

**I**

Conforme surge del expediente, el 4 de noviembre de 2025, el Ministerio Público presentó nueve acusaciones en contra del señor Pérez Díaz, por alegadas infracciones a los artículos 131 y 133(A) del Código Penal de Puerto Rico, por unos alegados hechos ocurridos contra la menor AJPG.

Como parte de los trámites del caso, el Ministerio Público presentó como prueba el *Informe Pericial Forense,* suscrito por la señora María M. Santana Quiñones, identificada como trabajadora social forense/entrevistadora forense. De acuerdo con el aludido informe, a la menor AJPG se le realizaron dos entrevistas en los días 9 de febrero de 2021 y 23 de marzo de 2021 respecto a los alegados hechos imputados a la parte peticionaria. Dentro del informe, se incluyó la transcripción de las entrevistas realizadas a la menor AJPG.

Más adelante, la parte peticionaria presentó *Moción Suplementaria al Amparo de la Regla 95 de Procedimiento Criminal.* En su moción, sostuvo que, del informe surgía que a la menor se le realizaron unas entrevistas que fueron videograbadas. Según arguyó, pese a la pertinencia de dichas videograbaciones, no había recibido copia íntegra y completa de estas, ni constancia para corroborar que la transcripción, resumen o narración incluida en el informe constituyera una reproducción fiel y exacta de lo ocurrido en las entrevistas. De acuerdo a su criterio, las aludidas videograbaciones son indispensables para la defensa y para el perito

de la parte peticionaria, ya que es necesario evaluar la forma y secuencia de las preguntas, el lenguaje utilizado por la entrevistadora, la espontaneidad de las contestaciones, el comportamiento de la menor, posibilidad de sugestividad, entre otros factores. Por lo anterior, entre otras cosas, solicitó al foro primario ordenar al Ministerio Público producir copia íntegra, completa y sin editar, con audio, de toda videograbación realizada en las entrevistas con la menor AJPG.

Por su parte, el Ministerio Público presentó *Moción en Oposici[ó]n a "Moción Suplementaria al Amparo de la Regla 95 de Procedimiento Criminal"*. Mediante la referida moción, el Ministerio Público sostuvo que, no procedía la entrega de las videograbaciones en la medida en que en el Informe Forense ya estaba la transcripción total de lo dialogado entre la trabajadora social forense y la menor. Argumentó, además, que, era inmaterial y redundante la petición, y que la defensa tendría la oportunidad de realizar preguntas en corte a la testigo pertinente. Asimismo, indicó no tener en su poder las videograbaciones solicitadas. Por último, le solicitó al foro de primera instancia declarar No Ha Lugar el petitorio de la parte peticionaria.

El Tribunal de Primera Instancia emitió *Resolución* mediante la cual determinó lo siguiente:

> Luego de los argumentos vertidos en corte abierta referente a las mociones presentadas en este asunto, **este Honorable Tribunal dispone: NO HA LUGAR A LA SOLICITUD DE LA DEFENSA EN CUANTO A LAS VIDEOGRABACIONES**.

En desacuerdo, la parte peticionaria presentó *Moción de Reconsideración y Solicitud de Determinaciones de Hechos y/o Conclusiones de Derecho sobre Resolución Notificada el 6 de mayo de 2026*. Reiteró que, las videograbaciones solicitadas eran evidencia material, pertinente, no acumulativa y necesaria para la adecuada preparación de la defensa, la evaluación pericial independiente y el

ejercicio efectivo del derecho del acusado a confrontar e impugnar la prueba de cargo. Agregó que, la *Resolución* no contenía determinaciones de hechos ni conclusiones de derecho que le permitieran a la parte peticionaria conocer los fundamentos específicos por los cuales se denegó la producción de la evidencia solicitada. Por medio de su moción, solicitó al foro primario dejar sin efecto la *Resolución* previamente emitida, ordenar al Ministerio Público producir la videograbación y audio de las entrevistas realizadas a la menor o en la alternativa, ordenar la producción de la videograbación para inspección en cámara junto a cualquier orden protectora necesaria. Asimismo, solicitó que, en caso de que se mantuviera la denegatoria de la producción de la videograbación, el foro *a quo* emitiera una resolución fundamentada donde incluyera determinaciones de hechos y conclusiones de derecho que sostuvieran dicha determinación.

Mediante *Orden,* el foro recurrido le concedió al Ministerio Público un término de 48 horas para exponer su posición en torno a la reconsideración presentada por la parte peticionaria.

El 29 de mayo de 2026, el Tribunal de Primera Instancia emitió la *Resolución* cuya revisión nos atiene, donde determinó lo siguiente:

> **Transcurrido el término, sin el beneficio de la posición del Ministerio Público; este Honorable Tribunal dispone: NO HA LUGAR a la Solicitud de la Defensa.**

Aún inconforme, la parte peticionaria acudió ante este foro revisor mediante el recurso de epígrafe, donde esgrimió los siguientes señalamientos de error:

> **Primer error:** Erró el Tribunal de Primera Instancia al denegar la producción de las videograbaciones y audio de las entrevistas realizadas a la menor presunta perjudicada, a pesar de que el propio informe social forense del Ministerio Público identifica esas entrevistas, incorpora transcripciones o reproducciones textuales de ellas, y la defensa demostró su pertinencia, materialidad y necesidad bajo la Regla 95 de

Procedimiento Criminal, supra, y el debido proceso de ley.

**Segundo error:** Erró el Tribunal de Primera Instancia al concluir, implícitamente y sin fundamento expresado, que la transcripción o reproducción textual incluida en el informe social forense era suficiente, privando a la defensa del registro audiovisual primario necesario para corroborar la fidelidad, exactitud e integridad de la transcripción; evaluar la metodología de entrevista, incluyendo sugestividad, demeanor, pausas, tono, lenguaje corporal, reacciones a las preguntas, reforzamiento, interrupciones y contexto; preparar prueba pericial independiente; impugnar el diálogo transcrito que se alega ocurrió durante la entrevista; preparar el contrainterrogatorio; presentar objeciones; y formular oportunamente mociones in limine.

**Tercer error:** Erró el Tribunal de Primera Instancia al denegar la reconsideración sin emitir determinaciones de hechos ni conclusiones de derecho, y sin considerar remedios menos restrictivos que la denegatoria absoluta, tales como producción bajo orden protectora, inspección en cámara, producción limitada a abogado y perito, etc.

La parte peticionaria, presentó junto a su recurso *Moción en Auxilio de Jurisdicción y Solicitud Urgente de Paralización de los Procedimientos.*

Por no entender necesaria la comparecencia del Ministerio Público, prescindimos de la misma, de conformidad con la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones[2] y estamos en posición de resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372

---

[2] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf.

(2020)[3]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[4], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848.  La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A)  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)  Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[5]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327

---

[3] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[4] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

[5] *Íd.*

(2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. Descubrimiento de Prueba

Como es sabido, el Tribunal Supremo ha reconocido como fundamental el derecho de un imputado a defenderse de una acusación criminal en su contra, y a obtener, mediante el descubrimiento de prueba, aquella evidencia que pueda favorecerle. *Pueblo v. Sanders Cordero*, 199 DPR 827, 835 (2018); *Pueblo v. Custodio Colón,* 192 DPR 567, 584 (2015); *Pueblo v. Arocho Soto*, 137 DPR 762, 766 (1994); *Pueblo v. Rodríguez Sánchez,* 109 DPR 243, 246 (1979). El derecho al descubrimiento de prueba es consustancial con el derecho de todo acusado a defenderse

adecuadamente en un proceso criminal en su contra. *Pueblo v. Santa Cruz*, 149 DPR 223, 231 (1999); *Pueblo v. Guzmán*, 161 DPR 137, 147 (2004); *Pueblo v. Sanders Cordero*, supra, pág. 835; *Pueblo v. Custodio Colón*, supra, pág. 584. No obstante, la facultad para requerir el descubrimiento de prueba no es absoluta, pues estatutariamente, como normal general, tal derecho está regido por la Regla 95 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 95. *Íd.*; *Pueblo v. Sanders Cordero*, supra, pág. 835; *Pueblo v. Santa Cruz*, supra, pág. 232; *Pueblo v. Irizarry*, 160 DPR 544, 566 (2003).

En lo pertinente, la Regla 95 de Procedimiento Criminal dispone lo siguiente:

(a) El acusado presentará moción al amparo de esta Regla dentro en un término de cumplimiento estricto de veinte (20) días contados a partir de: i) la celebración del acto de lectura de acusación en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. En el caso que la persona acusada manifieste que se representará por derecho propio, el Tribunal deberá advertirle desde cuándo comienza a discurrir el término establecido en esta Regla, así como las consecuencias de su incumplimiento. Sometida la moción de la defensa conforme a lo dispuesto en esta Regla, el Tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas a estos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar

adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

[...]

(c) La defensa deberá incluir, junto con la solicitud de descubrimiento de prueba, las órdenes necesarias para solicitar el material o la información que prevee que el Ministerio Público no tendrá bajo su custodia, dirigidas a las personas o entidades que la poseen, custodian o controlan. El Ministerio Público deberá entregar la información y/o material solicitado que tenga bajo su custodia o control e informar al tribunal si existe algún material o información que le fue solicitada, pero que no se encuentra bajo su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado.

[...]

(e) Toda información y/o material que se pretenda solicitar y no esté enumerado en esta regla, deberá venir acompañado de una explicación sobre la necesidad o pertinencia que tiene el mismo para la defensa del acusado.

[...]

34 LPRA Ap. II, R. 95.

Conforme a la precipitada regla, el derecho de un imputado a solicitar el descubrimiento de prueba surge luego de la presentación de la denuncia cuando se trata de un delito menos grave, y después de la acusación en los delitos graves. A pesar de que el derecho del acusado a descubrir prueba es uno amplio, el mismo no es absoluto ni ilimitado, puesto que, descansa en la sana discreción del tribunal, quien debe considerar ciertos elementos a realizar un balance entre los derechos del acusado y el interés del Estado. *Íd.*; *Pueblo v. Custodio Colón*, supra, pág. 586. Este balance deberá llevarse a cabo tomando en consideración los hechos del caso y la totalidad de las circunstancias que rodean la acción. *Íd.*

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a resolver.

**III**

En apretada síntesis, en su primer señalamiento de error, la parte peticionaria sostiene que el foro *a quo* incidió al denegar la producción de las videograbaciones y audio de las entrevistas realizadas a la menor, pese a la defensa demostrar su pertenencia, materialidad y necesidad al amparo de la Regla 95 de Procedimiento Criminal, *supra*, y el debido proceso de ley.

Como segundo señalamiento de error, la parte peticionaria arguye que, el foro primario erró al concluir, implícitamente y sin fundamento expresado, que la transcripción o reproducción textual incluida en el informe social forense era suficiente, privando a la defensa del registro audiovisual primario para prepararse.

En su tercer señalamiento de error, la parte peticionaria aduce que, incidió el Tribunal de Primera Instancia incidió al denegar la reconsideración sin emitir determinaciones de hechos ni conclusiones de derecho, y sin considerar remedios menos restrictivos que la denegatoria absoluta.

Tras evaluar detenidamente el recurso de epígrafe y luego de una revisión, es nuestra apreciación que, no procede la expedición del auto solicitado en esta etapa. Concluimos que el señalamiento de error antes reseñado, por los fundamentos aducidos en la petición, no activa nuestra jurisdicción discrecional. La decisión recurrida no es manifiestamente errónea y encuentra cómodo asilo en la sana discreción del Tribunal de Primera Instancia.

Por otro lado, es necesario destacar que, a pesar de que el derecho del acusado a descubrir prueba es uno amplio, el mismo no es absoluto ni ilimitado, puesto que, *descansa en la sana discreción del tribunal,* quien debe considerar ciertos elementos a realizar un

balance entre los derechos del acusado y el interés del Estado.[6] Este balance deberá llevarse a cabo tomando en consideración los hechos del caso y la totalidad de las circunstancias que rodean la acción.[7]

De igual forma, concluimos que el peticionario tampoco logró persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría un rotundo fracaso de la justicia.[8]

**IV**

Por los fundamentos que anteceden, se *deniega* la expedición del *certiorari.*

**Notifíquese inmediatamente a las partes y a la Hon. Gema M. González Rodríguez.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[6] *Pueblo v. Custodio Colón*, supra, pág. 586.
[7] *Íd.*
[8] Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*